**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| ANTHONY WAAGE, | Case No. 4:11-cv-00221 |
| Plaintiff, | Story County Case No. LACV 046722 |
| v. | |
| MANPOWER, INCORPORATED OF DES MOINES, IOWA and SAUER-DANFOSS (US) COMPANY, | **NOTICE OF REMOVAL** |
| Defendants. | |

COME NOW the Defendants, Manpower, Inc. of Des Moines (hereinafter "Manpower") and Sauer-Danfoss (US) Company (hereinafter "Sauer-Danfoss"), and hereby give notice of the removal of the instant action from the Iowa District Court for Story County, Story County, Iowa, to the United States District Court for the Southern District of Iowa, Central Division, pursuant to 28 U.S.C. § 1441 et seq. Defendants base their removal of this case upon federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441 because one of Plaintiff's claims arises under the Americans With Disabilities Act, 42 U.S.C. §§ 12101 et seq.

    1.    On or about March 23, 2011, Plaintiff filed a civil action captioned Anthony Waage v. Manpower, Incorporated of Des Moines, Iowa and Sauer-Danfoss (US) Company, No. LACV 046722 (hereinafter referred to as the "State Court Action") in the Iowa District Court for Story County. See Original Notice and Petition and Jury Demand, attached hereto as Exhibit A. There are no other pleadings or papers filed in the State Court Action.

    2.    CT Corporation, registered agent for Defendant Sauer-Danfoss (US) Company, accepted service of the Petition on or about April 12, 2011. (See Exhibit B.)

3. Defendant Manpower, Inc. of Des Moines accepted service of the Petition on or about April 22, 2011. (See Exhibit C.)

3. One count of Plaintiff's Petition is based on a federal statute, namely the Americans With Disabilities Act, 42 U.S.C. §§ 12101 et seq., which thereby raises a removable federal question under 28 U.S.C. § 1441(b). See Petition, Count II-Second Cause of Action – Violation of Americans With Disabilities Act.

4. Because Plaintiff's claim of discrimination arises under the laws of the United States, this Court has federal question jurisdiction over the claim pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff also alleges a state law claim of discrimination under the Iowa Civil Rights Act, which falls within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Accordingly, by virtue of 28 U.S.C. § 1441, Defendant is entitled to remove this case to this Court.

5. This Notice of Removal is timely because it is filed within thirty (30) days of Defendants' Acceptance of Service of the Original Notice and Petition and within one year of the date the action was commenced, in accordance with 28 U.S.C. § 1446.

6. True and correct copies of this Notice of Removal and the Notice of Removal directed to the Iowa District Court in and for Story County are being served upon Plaintiff's counsel contemporaneously with the filing of this Notice and are filed with the Clerk of the District Court In and For Story County, Story County, Iowa, on this date, in accordance with 28 U.S.C. § 1446.

7. Copies of all process, pleadings, and orders filed in the Iowa District Court action include Plaintiff's Original Notice and Petition (Exhibit A), Defendant Sauer-Danfoss's Acceptance of Service (Exhibit B), and Defendant Manpower's Acceptance of Service (Exhibit C), are attached hereto in accordance with 28 U.S.C. § 1446.

WHEREFORE, in accordance with the statutory authority set forth above, Defendants hereby remove this action from the Iowa District Court for Story County, Story County, Iowa to the United States District Court for the Southern District of Iowa, Central Division.

Respectfully submitted,

/s/
Greg A. Naylor, AT0005692
Eric M. Elben, AT0010214
WHITFIELD & EDDY, P.L.C.
3737 Woodland Ave., Suite 400
West Des Moines, IA 50266
Phone:  (515)558-0111
Facsimile:  (515)222-0318
Email:  naylor@whitfieldlaw.com
Email:  elben@whitfieldlaw.com

ATTORNEYS FOR DEFENDANT
MANPOWER, INC. OF DES MOINES

/s/
Gardiner B. Davis
Eric Kelly
SPENCER FANE BRITT & BROWNE, LLP
1000 Walnut St., Suite 1400
Kansas City, MO  64106-2140
Phone:  (816) 292-8227
Facsimile:  (816) 474-3216
Email:  gdavis@spencerfane.com
Email:  ekelly@spencerfane.com

ATTORNEYS FOR DEFENDANT
SAUER-DANFOSS (US) COMPANY

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 11th day of May, 2011, a copy of the foregoing Notice of Removal has been served via email to:

>Brooke Timmer, brooke@employmentlawiowa.com
>Whitney Judkins, whitney@employmentlawiowa.com
>FIEDLER LAW FIRM, PLC
>2900 100th St., Suite 209
>Urbandale, IA  50322
>ATTORNEYS FOR PLAINTIFF

>      /s/
>Greg A. Naylor, Attorney for Defendants

I:\Manpower\Waage.A\Pleadings\Notice of Removal.doc

IN THE IOWA DISTRICT COURT FOR STORY COUNTY

| | |
|---|---|
| ANTHONY WAAGE,<br><br>  Plaintiff,<br><br>vs.<br><br>MANPOWER, INCORPORATED, OF DES MOINES, IOWA and SAUER-DANFOSS (US) COMPANY,<br><br>  Defendants. | NO. LACV046722<br><br><br><br><br>**ORIGINAL NOTICE** |

TO THE ABOVE-NAMED DEFENDANT(S):   MANPOWER, INCORPORATED, OF DES MOINES, IOWA

    You are notified that a Petition at Law has been filed in the office of the clerk of this court naming you as the respondent in this action. A copy of the Petition is attached to this notice. The attorneys for the plaintiff are Brooke Timmer and Whitney Judkins of Fiedler Law Firm, P.L.C., whose address is 2900 – 100th Street, Suite 209, Urbandale, Iowa 50322. Their phone number is (515) 254-1999; facsimile number (515) 254-9923.

    You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Story County, at the county courthouse in Nevada, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

    If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 382-7418. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

CLERK OF COURT
Story County Courthouse
Nevada, Iowa 50201

**IMPORTANT:**
**You are advised to seek legal advice at once to protect your interests.**

EXHIBIT A

## STATE OF IOWA JUDICIARY

Case No. LACV046722
County Story

Case Title ANTHONY WAAGE VS MANPOWER INC& SAUER-DANFOSS US CO

THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:
http://www.iowacourts.state.ia.us/Efile

FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16: http://www.iowacourts.state.ia.us/Efile

Scheduled Hearing:

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(641) 421-0990**  . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

Date Issued   03/25/2011 03:53:59 PM



District Clerk of Story        County
/s/ Dorian Myhre

ELECTRONICALLY FILED
2011 Mar 23 PM 3:07
CLERK OF DISTRICT COURT - STORY

IN THE IOWA DISTRICT COURT FOR STORY COUNTY

| | | |
|---|---|---|
| ANTHONY WAAGE, | ) | |
| | ) | No. LACV046722 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | PETITION AND |
| MANPOWER, INCORPORATED, | ) | JURY DEMAND |
| OF DES MOINES, IOWA, and | ) | |
| SAUER-DANFOSS (US) COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW the Plaintiff, by and through his attorneys, and for his cause of action hereby states the following:

## INTRODUCTION

1. This is an action under the Iowa Civil Rights Act and the Americans with Disabilities Act, challenging Defendants' disability discrimination toward the Plaintiff.

2. Plaintiff Anthony Waage is a resident of Dallas County, Iowa.

3. Defendant Manpower, Incorporated of Des Moines, Iowa ("Manpower") is an Iowa corporation doing business in Story County, Iowa.

4. Defendant Sauer-Danfoss (US) Company ("Sauer-Danfoss") is a Delaware corporation doing business in Story County, Iowa.

5. The acts about which Plaintiff complains occurred in Story County, Iowa.

## PROCEDURAL REQUIREMENTS

6. On approximately June 18, 2010, within 300 days of the acts of which he complains, Plaintiff filed charges of employment discrimination against Manpower with the Iowa Civil Rights Commission and the Equal Employment Opportunity Commission.

1

7. On approximately June 18, 2010, within 300 days of the acts of which he complains, Plaintiff filed charges of employment discrimination against Sauer-Danfoss with the Iowa Civil Rights Commission and the Equal Employment Opportunity Commission.

8. On approximately December 28, 2010, less than 90 days prior to the filing of this Petition, the Iowa Civil Rights Commission issued a right to sue letter with respect to Plaintiff's charges of discrimination against Manpower.

9. On approximately December 28, 2010, less than 90 days prior to the filing of this Petition, the Iowa Civil Rights Commission issued a right to sue letter with respect to Plaintiff's charges of discrimination against Sauer-Danfoss.

10. On approximately February 16, 2011, less than 90 days prior to the filing of this Complaint, the Equal Employment Opportunity Commission issued a right to sue letter with respect to Plaintiff's charges of discrimination against Manpower.

11. On approximately February 16, 2011, less than 90 days prior to the filing of this Complaint, the Equal Employment Opportunity Commission issued a right to sue letter with respect to Plaintiff's charges of discrimination against Sauer-Danfoss.

## FACTUAL BACKGROUND

12. Plaintiff was hired by Manpower, a temporary employment agency, to work in production at Sauer-Danfoss on May 28, 2010.

13. Plaintiff's supervisor at Manpower was Bev Reilly ("Reilly").

14. Plaintiff has suffered from cerebral palsy since birth.

15. Prior to being hired, Plaintiff informed Manpower representatives that he had cerebral palsy.

16. When Plaintiff was offered the position, he was given a job description that indicated he would be on his feet for eight hours a day.

17. Plaintiff is physically able to be on his feet for long periods of time as long as he is able to move around.

18. Plaintiff started working for Sauer-Danfoss through Manpower on June 7, 2010.

19. Thus, in approximately May and June 2010, Plaintiff was jointly employed by Manpower and Sauer-Danfoss.

20. On his first day of work, Plaintiff was required to stand in the same place for eight hours.

21. Due to his cerebral palsy, this caused his muscles to become tight and painful.

22. On Tuesday, June 8, 2010, Plaintiff informed Reilly he was having problems due to his cerebral palsy and asked for an accommodation.

23. Plaintiff's supervisor from Sauer-Danfoss was Jeff Bappe ("Bappe").

24. On the evening of June 8, 2010, Plaintiff informed Bappe that he was having problems due to his cerebral palsy and asked for an accommodation.

25. Bappe told Plaintiff there would be a meeting with the Safety Manager of Sauer-Danfoss the next day.

26. When Plaintiff told Reilly about his conversation with Bappe, she screamed at him and said that he needed to speak with her and not Sauer-Danfoss.

27. On approximately June 9 or 10, 2010, Plaintiff spoke with Reilly and Katie (last name unknown) at the Manpower office.

28. Plaintiff again asked again for reasonable accommodation, such as a chair to sit in or a transfer to a department where he could move around.

29. Reilly did not respond to Plaintiff's request for accommodation but kept repeating "You're telling me you can't do the job as described and voluntarily quitting," to which Plaintiff continually replied, "No, I am requesting accommodations to help me."

30. Later that day, Reilly called Plaintiff. During this conversation, Reilly conveyed that she had spoken to Sauer-Danfoss and that they were letting Plaintiff go.

31. Defendants refused to do anything to accommodate Plaintiff's disability and fired him.

## COUNT I
## VIOLATIONS OF THE IOWA CIVIL RIGHTS ACT
## DISABILITY DISCRIMINATION

32. Plaintiff repleads paragraphs 1 through 31 as if fully set forth herein.

33. Plaintiff was disabled within the meaning of the Iowa Civil Rights Act.

34. Plaintiff was able to perform the essential functions of his job with or without reasonable accommodation.

35. Defendants failed to accommodate Plaintiff's disability in violation of the Iowa Civil Rights Act.

36. Defendants failed to engage in good faith in an interactive process with Plaintiff to assist him in accommodating his disability in violation of the Iowa Civil Rights Act.

37. Defendants discriminated against Plaintiff with respect to terms and conditions of his employment in violation of the Iowa Civil Rights Act.

38. Plaintiff's disability was a motivating factor in Defendants' discrimination.

39. As a result of Defendants' illegal acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including but not limited to mental and emotional

distress, fear, anguish, humiliation, intimidation, embarrassment, lost enjoyment of life; medical expenses, lost wages, benefits, future earnings, and other emoluments of employment.

40. Defendants acted with willful and wanton disregard for Plaintiff's rights and safety.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount which will fully and fairly compensate him for his injuries and damages, for appropriate equitable relief, for punitive damages in an amount sufficient to punish them and to deter them and others, for interest as allowed by law, for attorney's fees, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Iowa Civil Rights Act.

## COUNT II
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

41. Plaintiff repleads paragraphs 1 through 40 as if fully set forth herein.

42. Plaintiff was disabled within the meaning of the ADA.

43. Plaintiff was able to perform the essential functions of his job with or without reasonable accommodation.

44. Defendants failed to accommodate Plaintiff's disability in violation of the ADA.

45. Defendants failed to engage in good faith in an interactive process with Plaintiff to assist him in accommodating his disability in violation of the ADA.

46. Defendants discriminated against Plaintiff with respect to terms and conditions of his employment in violation of the Iowa Civil Rights Act.

47. Plaintiff's disability was a motivating factor in Defendants' discrimination.

48. As a result of Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; fear;

anguish; humiliation; embarrassment; medical, therapeutic, and other expenses; lost enjoyment of life; lost wages, benefits, future earnings, and other emoluments of employment.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount which will fully and fairly compensate him for his injuries and damages, for liquidated damages, for appropriate equitable relief, for interest as allowed by law, for attorney's fees, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the ADA.

## JURY DEMAND

COMES NOW the Plaintiff, through his attorneys, and hereby requests a trial by jury.

FIEDLER LAW FIRM, P.L.C.

*/s/ Brooke Timmer*
Brooke Timmer AT 0008821
brooke@employmentlawiowa.com
Whitney Judkins AT 0010357
whitney@employmentlawiowa.com
2900 – 100th Street, Suite 209
Urbandale, IA 50322
Telephone: 515-254-1999
Facsimile: 515-254-9923
ATTORNEYS FOR PLAINTIFF

ELECTRONICALLY FILED
IN THE IOWA DISTRICT COURT FOR STORY COUNTY 2011 Apr 12 PM 12:43
CLERK OF DISTRICT COURT - STORY

| ANTHONY WAAGE, | Case No. LACV046722 |
|---|---|
| Plaintiff, | |
| vs. | |
| MANPOWER, INCORPORATED, OF DES MOINES, IOWA and SAUER-DANFOSS (US) COMPANY, | AFFIDAVIT OF SERVICE |
| Defendants. | |

STATE OF IOWA )
) SS:
COUNTY OF POLK )

I, Kristin Erdman, being duly sworn on oath depose and state that I am neither a party to the above-entitled cause of action, nor an attorney representing either party, that on the 12th day of April, 2011, I served the Original Notice and Petition at Law and Jury Demand upon the defendant, Sauer-Danfoss (US) Company, by leaving a copy of the attached documents with its registered agent CT Corporation, 500 East Court Avenue, Des Moines, Iowa 50309.

I certify under penalty of perjury and pursuant to the laws of the State of Iowa that the foregoing is true and correct.

Dated this 12th day of April, 2011.

*/s/ Kristin Erdman*
Kristin Erdman

Service Fees:
Process    $15.00
Mileage     10.20

Total:     $25.20

**EXHIBIT B**

IN THE IOWA DISTRICT COURT FOR STORY COUNTY

| | |
|---|---|
| ANTHONY WAAGE, | Case No. LACV046722 |
| Plaintiff, | |
| vs. | |
| MANPOWER, INCORPORATED, OF DES MOINES, IOWA and SAUR-DANFOSS (US) COMPANY, | ACCEPTANCE OF SERVICE |
| Defendants. | |

I, Greg A. Naylor, hereby acknowledge receipt of the Original Notice and Petition and Jury Demand on behalf of **Manpower, Incorporated, of Des Moines, Iowa**. This acknowledgement is taking place in Des Moines, Iowa, on the 22 day of April, 2011.

_____
Greg A. Naylor
WHITFIELD & EDDY, P.L.C.
3737 Woodland Avenue, Suite 400
West Des Moines, Iowa 50266
Telephone: (515) 558-0111
Fax: (515) 222-0318
naylor@whitfieldlaw.com

Subscribed and sworn to before me this 22nd day of April, 2011.

_____
NOTARY PUBLIC FOR THE STATE OF IOWA

HOLLY LOWE
Commission Number 717240
My Commission Expires
June 28, 20__

EXHIBIT
C